**Elmer S. CANADY and Florence E. Canady, Plaintiffs-Appellees,**

v.

**Wayne R. SHELDEN and Rosalie A. Shelden, Defendants-Appellants.**

**No. 80CA0647.**

Colorado Court of Appeals, Div. I.

Nov. 3, 1983.

Rehearing Denied Dec. 15, 1983.

Certiorari Denied July 9, 1984.

Richard L. Hentzell, Denver, for plaintiffs-appellees.

Raymond N. Satter, Denver, for defendants-appellants.

"[W]here was the money?" or "Where did the money go?" or something like that and her respond would be "I don't know."

VAN CISE, Judge.

Plaintiffs, Elmer S. and Florence E. Canady, commenced this action in June 1979, seeking the removal of a chain-link fence which defendants, Wayne R. and Rosalie A. Shelden, had installed in 1969 allegedly 12 to 14 inches on plaintiffs' side of the boundary between the parties' respective properties. Plaintiffs also sought $1,000 damages for loss of use of this part of their property. Defendants denied any encroachment on plaintiffs' property, and pled statutes of limitations as a bar.

After trial to the court, it found that the chain-link fence was on plaintiffs' property and ordered it moved back in accordance with plaintiffs' survey. The damage claim was denied for lack of proof. Defendants appeal. We affirm.

### I.

Defendants first contend that the court erroneously tried this case as a boundary dispute case when it was pled as a trespass action, that the superior court has no jurisdiction to determine and establish disputed boundaries, and that the court failed to proceed according to the applicable statute pertaining to boundary disputes, § 38–44–101 et seq., C.R.S. 1973 (1982 Repl.Vol. 16A). We do not agree.

We do not view this as a boundary dispute case. However, even if it were, the superior court, having jurisdiction "concurrent with the district court," § 13–7–102(2), C.R.S.1973, has jurisdiction to try such matters, including a proceeding under § 38–44–101, C.R.S.1973, so long as the amount of the claim or the value of the property involved does not exceed $5,000. There is nothing in the record to show that the value of the 12 to 14 inch strip is more than that amount, and the defendants admitted in their answer that the relief prayed for, including the damage claim, does not exceed that limit. And, in view of the language of § 38–44–101, C.R.S.1973, stating that one "*may* bring an action" under that particular statute, it is not mandatory that a boundary dispute be resolved under the provisions of that particular statute to the exclusion of other statutory or common law proceedings.

### II.

Defendants further contend that plaintiffs' action is barred by the six-year statute of limitation applicable to trespass actions, § 13–80–110(1)(e), C.R.S.1973.

We agree that the six-year statute applies to the claim for damages for loss of use of the strip of land. However, that claim was denied for failure of proof.

The claim asking for the fence to be moved from plaintiffs' land is an action for recovery of possession of real property, and the 18-year statute, § 38–41–101(1), C.R.S.1973, is applicable. Hence, this action, commenced 10 years after the fence was erected, is not barred.

The other contentions of defendants are without merit.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.